**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 15 |
| ENSECO ENERGY SERVICES USA CORP. | ) ) | Case No. 15-21821 SBB |
|     Debtor in Foreign Proceeding. | ) ) | |
| In re: | ) ) | |
| | ) | Chapter 15 |
| ENSECO ENERGY SERVICES CORP. | ) | Case No. 15-21823 SBB |
|     Debtor in Foreign Proceeding. | ) ) | |

**PETITION FOR RECOGNITION AS FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1515 AND 1517 OF THE UNITED STATES BANKRUPTCY CODE AND RELATED RELIEF**

PricewaterhouseCoopers Inc. ("PWC"), as the court-appointed receiver (the "Receiver")[1] and authorized foreign representative of Enseco Energy Services Corp. and Enseco Energy Services USA Corp. (collectively referred to as the "Enseco Debtors") in the proceeding pending in the Court of Queen's Bench of Alberta, Canada (the "Canadian Proceeding"), by and through its undersigned counsel, Lewis Roca Rothgerber LLP, respectfully files the official form petition and this petition (together, the "Petition") pursuant to section 1515 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order recognizing the Canadian Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, thereby granting related relief pursuant to section 1520 of the Bankruptcy Code and additional relief pursuant to section 1521 of the Bankruptcy Code. In the alternative, should the Court fail to recognize the Canadian Proceeding as a foreign main proceeding (either in whole or in part), the Receiver

---

[1] A copy of the Declaration of Sean Fleming in support of: (I) Petition for Recognition As a Foreign Main Proceeding; and (II) Application for Order to Show Cause With Temporary Restraining Order and Preliminary Injunctive Relief ("Fleming Declaration") is attached hereto as Exhibit 1.

seeks recognition of the Canadian Proceeding as a foreign nonmain proceeding, as defined in section 1502(b) of the Bankruptcy Code, and seeks additional relief available under section 1521 of the Bankruptcy Code.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b) and 11 U.S.C. §§ 109 and 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. § 1410(1).

## BACKGROUND[2]

**I.     The Structure and General Operations of the Enseco Debtors**

The entities seeking protection in the Canadian Proceeding and under chapter 15 of the Bankruptcy Code are the Enseco Debtors.

Ensceco Energy Services Corp. ("Enseco Canada") is a corporation formed under the laws of Alberta, Canada in 2006 with its headquarters and principal place of business located in Calgary, Alberta, Canada. Enseco Canada provides drilling services to the oil and gas industry in Canada. Enseco Energy Services USA Corp. ("Enseco USA") is a Delaware corporation that is wholly-owned by Enseco Canada. Enseco USA provides drilling services to the oil and gas industry in the United States. Its United States headquarters and sales operation is located in Denver, Colorado, while its directional drilling operations are in Casper, Wyoming and production testing in Minot, North Dakota.

Prior to the appointment of the Receiver, the corporate operations of the Enseco Debtors were directed and controlled through their parent company, Enseco Canada. Enseco Canada

---

[2] The facts stated in this Petition are supported by the Fleming Declaration, <u>Exhibit 1</u>.

provided corporate services to Enseco USA, including technical services and management services, as described below:

> Technical Services – engineering, production testing asset quality assurance and fleet management, field logistics.
>
> Management Services – finance and accounting (i.e. account receivable and payables, invoicing, cash management, financial statement preparation, coordination of payroll, information technology (i.e. computer networks, telecommunication, field service software etc.), human resources (i.e. payroll, recruiting/hiring, compensation, performance management), health and safety, sales and strategic management oversight.

In consideration for these services, Enseco Canada charged Enseco USA certain fees based on a transfer pricing method, namely cost plus. In addition to the foregoing, Enseco Canada leased certain equipment to Enseco USA for use in Enseco USA's operations. Presently, the Receiver understands that approximately $7 million of Enseco Canada's equipment (using 2014 appraisal figures) is currently located in Minot, North Dakota and Casper, Wyoming. Most key corporate decision making, as well as the bank accounts and accounting and cash management systems of the Enseco Debtors, were directed and controlled at the parent level by Enseco Canada. For instance, Enseco USA maintains three HSBC bank accounts which are controlled by Enseco Canada. Two of these accounts, a Canadian dollar and a US dollar account, are held at an HSBC branch located in Calgary, Alberta, while a third account is located in Los Angeles, California. Not only are the Enseco Debtors' operations, management and asset ownership based in Canada, so is their funding. The principal secured creditor is HSBC Bank Canada ("HSBC"), the Plaintiff in the Canadian Proceeding. Presently, HSBC is owed approximately $16 million, which is secured by the assets of the Enseco Debtors.

## II. Business Operations of the Enseco Debtors

Headquartered in Calgary, Alberta with operations in Western Canada and the United States, the Enseco Debtors are providers of services to the oil and gas industry. Specifically, they provide fully-staffed drilling services to the oil and gas industry, namely directional drilling and production testing services.

Almost all of the creditors are located in Canada and the United States. Of the creditors, 66 are located in the U.S. and owed approximately $724,000. Canadian creditors number 111 and are owed approximately $2.23 million.

## III. Events Leading to the Commencement of the Canadian Proceeding

Beginning in 2007, HSBC established a secured lending relationship with Enseco Canada (the "Credit Facilities"). The most recent credit agreement is dated March 28, 2012, as further amended by agreements dated April 1, 2012, May 31, 2012, March 28, 2013 and May 31, 2013 (collectively, the "Credit Agreement"). The Credit Facilities were secured by various security agreements and guaranties. Enseco USA is a guarantor of the obligations represented by the Credit Facilities. As of October 15, 2014, Enseco Canada defaulted under the Credit Agreement. HSBC and Enseco Canada entered into a series of forbearance agreements, the last of which extended the forbearance period to August 31, 2015. Thereafter, HSBC continued to informally forbear while the Enseco Debtors explored various options to repay its obligations under the Credit Agreement. However, their business and financial circumstances appeared to be rapidly deteriorating. For instance, a default judgment was obtained against Enseco Canada on October 1, 2015 in the amount of $123,469.08, plus interest. HSBC issued demand letters on the Enseco Debtors for the repayment of the indebtedness represented by the Credit Agreement and Notices of Intention to Enforce Security pursuant to Section 244 of the *Bankruptcy and Insolvency Act*

*(Canada)*. Based on the foregoing, the decision was made to seek appointment of a receiver in order to protect HSBC's collateral in Canada and the United States.

**IV.     The Canadian Proceeding**

The *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3 ("BIA") governs the appointment of receivers in Canada. The BIA is a federal statute that governs a number of different insolvency proceedings to which individuals and corporations are subject, including bankruptcies, proposals and receiverships. In this case, the BIA provides the jurisdictional basis for the Canadian Court to grant an order appointing a Receiver over all of the assets and undertakings of the Enseco Debtors.

On October 14, 2015, HSBC, as Plaintiff, filed an Application for Order Appointing Receiver in the Court of Queen's Bench of Alberta, Judicial Centre of Calgary (the "Canadian Court"), Court File No. 1501-12080. The Enseco Debtors are named as Defendants in the Application. A Consent Receivership Order was entered in the Canadian Court on that same day. On October 21, 2015, an Amended and Restated Receivership Order ("Receivership Order") was entered, a copy of which is attached hereto as Exhibit 2.

Pursuant to the Receivership Order, a stay is in place in Canada which prohibits any proceeding or enforcement process against the Enseco Debtors or their assets. (Exhibit 2, ¶ 7). Further, all rights and remedies of any entity, whether judicial or extra-judicial, are stayed and suspended against the Enseco Debtors and their assets. (*Id.* at ¶ 8) The Canadian Court appointed PWC as the Receiver. (*Id.* at ¶ 2). The Receiver's role in the Canadian Proceedings is to take possession and preserve all property of the Enseco Debtors and the Enseco Debtors are obligated to cooperate with the Receiver in this respect. (*Id.* at ¶¶ 4, 5).

The Receivership Order also requests "the aid and recognition of any court . . . to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order." (*Id.* at ¶ 28). The Receivership Order also specifies that "the Receiver be at liberty and is hereby authorized and empowered to apply to any court. . . , wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order and that the Receiver is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada." (*Id.* at ¶ 29).

### V. The Receiver's Intended Actions

The Receiver intends to take control of all assets of the Enseco Debtors and liquidate them for the benefit of their creditors.

### RELIEF REQUESTED

The Receiver hereby respectfully requests that this Court enter an order pursuant to Sections 105, 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the proposed order attached hereto (the "Proposed Order"), providing the following relief:

- Recognition of the Canadian Proceeding as a foreign main proceeding as defined in Section 1502(4) of the Bankruptcy Code;

- Granting to the Receiver the relief afforded under Section 1520 of the Bankruptcy Code as is provided by right upon the recognition of the Canadian Proceeding as a foreign main proceeding;

- Granting further additional relief as authorized by Section 1521 of the Bankruptcy Code including, without limitation:

    o Staying the commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of the Enseco Debtors, including any action or proceeding against PWC in its capacity as Receiver of the Enseco Debtors, to the extent not stayed under Section 1520(a) of the Bankruptcy Code;

- o Staying execution against the assets of the Enseco Debtors to the extent not stayed under Section 1520(a) of the Bankruptcy Code;

- o Suspending the right to transfer or otherwise dispose of any assets of the Enseco Debtors to the extent not suspended under Section 1520(a) of the Bankruptcy Code by any person or entity other than the Receiver unless authorized in writing by the Receiver or by Order of this Court;

- o Providing for the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Enseco Debtors, and finding that such information is required in the Canadian Proceedings under the law of the United States; and

- o Entrusting the administration or realization of all or part of the assets of the Enseco Debtors within the territorial jurisdiction of the United States to the Receiver;

- Otherwise granting comity to and giving full force and effect to the Canadian Proceeding; and

- Awarding the Receiver such other and further relief as this Court deems just and appropriate.

The Receiver respectfully submits that the Canadian Proceeding should be recognized as a foreign main proceeding as defined in Section 1502(4) of the Bankruptcy Code. If, however, the Court determines the Canadian Proceeding is not a foreign main proceeding (either in whole or in part), the Receiver seeks recognition of the Canadian Proceeding as a foreign nonmain proceeding, as defined in Section 1502(5) of the Bankruptcy Code, and requests that the Court grant the relief requested above pursuant to Section 1521 of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

### I. Statutory Authority

The rapid increase in cross-border insolvencies over the last decade spawned multiple efforts by insolvency organizations and the international community to devise better legal frameworks for addressing these cross-border insolvencies. Aaron L. Hammer and Matthew E.

McClintock, *Understanding Chapter 15 of the United States Bankruptcy Code: Everything You Need to Know About Cross-Border Insolvency Legislation in the United States*, LAW AND BUSINESS REVIEW OF THE AMERICAS, Spring 2008. In response, Congress enacted Chapter 15 of the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Chapter 15 incorporates the Model Law on Cross-Border Insolvency (the "Model Law") promulgated by the United Nations Commission on International Law ("UNCITRAL"). 11 U.S.C. § 1501(a). It is intended to promote "cooperation between the United States courts, trustees, examiners, debtors and debtors in possession and the courts and other competent authorities of foreign countries; greater legal certainty for trade and investment; fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested entities, including the debtor; the protection and maximization of the debtor's assets; and the facilitation of the rescue of financially troubled businesses." *In re Oversight & Control Commission of Avanzit, S.A.,* 385 B.R. 525, 532 (Bankr. S.D.N.Y. 2008) (*quoting In re Bear Stearns High-Grade Structured Credit Strategies Master Fund*, 374 B.R. 122, 126 (Bankr. S.D.N.Y. 2007)).

A Chapter 15 case is commenced when a foreign representative files a petition for recognition of a foreign proceeding under 11 U.S.C. § 1515; *Avanzit*, 385 B.R. at 532. The petition must be accompanied by certain documentary evidence, which the court may presume to be authentic. 11 U.S.C. § 1516(b). The Court must grant the request for recognition if it finds:

(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502;

(2) the foreign representative applying for recognition is a person or body; and

  (3) the petition meets the requirements of section 1515.

11 U.S.C. § 1517(a).

  A decision or certificate from a foreign court indicating the foreign proceeding is a "foreign proceeding," as defined in section 101(23) of the Bankruptcy Code, is presumptively correct. 11 U.S.C. § 1516(a). Similarly, a decision or certificate from a foreign court indicating that the foreign representative is a "foreign representative," as defined in section 101(24), is presumptively correct. *Id.*

## II. The Canadian Proceeding is a Pending "Foreign Proceeding"

  "Foreign proceeding" is defined in the Bankruptcy Code as "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 101(23).

  The Canadian Proceeding falls squarely within the definition of "foreign proceeding." Prior to the passage of Chapter 15, United States courts recognized cases filed under the BIA to be "relating to insolvency." *See In re Chiang,* 437 B.R. 39 (Bankr. C.D. Calif. 2010). Moreover, since the passage of Chapter 15, cases filed under the Canadian have consistently been recognized as "foreign proceedings." *See, e.g., In re Nortel Networks, Inc.*, 469 B.R. 478, 487 (Bankr. D. Del. 2012) (the Court entered an Order recognizing the a proceeding under the Canada's reorganization statute was a foreign main proceeding under chapter 15 of the Bankruptcy Code); *In re Metcalfe & Mansfield Alternative Investments*, 421 B.R. 685, 688 (Bankr. S.D.N.Y. 2010) ("It is clear that the Canadian Proceedings should be recognized as a foreign main proceeding."); *In re Gandi Innovations Holdings, LLC*, 09-51782-C, 2009 WL

2916908 (Bankr. W.D. Tex. June 5, 2009) (Unpublished disposition) (Canadian proceeding "is a foreign proceeding entitled to recognition under Chapter 15 of the Code."); *In re Quebecor World Inc.*, Case No. 08-13814 (Bankr. S.D.N.Y. 2008).

### III.     The Receiver Is a "Foreign Representative"

Section 101(24) of the Bankruptcy Code defines "foreign representative" as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."

The Receiver may serve as the "foreign representative" because it constitutes a "person or body." "Person" is defined under Section 101(41) of the Bankruptcy Code to include an individual, partnership or corporation. Because the Receiver is an incorporated entity, it therefore qualifies as a "person" and can accordingly serve as a "foreign representative." Moreover, PWC has been recognized by previous courts as a proper "foreign representative." *See, e.g., In re PricewaterhouseCoopers Inc.*, 03-11652(MFW), 2004 WL 1041541 (Bankr. D. Del. Apr. 13, 2004) (unpublished disposition); the court's; *In re Blackwell*, 263 B.R. 505, 506 (W.D. Tex. 2000). Additionally, the Receiver has been authorized in the Canadian Proceeding to act as the Enseco Debtor's foreign representative. The Receivership Order specifically states that "the Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order. . . ." (Exhibit 2, ¶ 29). The Court is therefore entitled to presume that the Receiver is a proper "foreign representative." *See* 11 U.S.C. § 1516(b).

## IV. The Canadian Proceeding Should Be Recognized As A Foreign Main Proceeding Because Canada Is the Location of Enseco's Center of Main Interests

A foreign proceeding shall be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has the center of its main interests. 11 U.S.C. § 1517(b). The term "center of main interests" ("COMI") is not defined in the Bankruptcy Code. COMI, however, has been equated with a debtor's principal place of business. *See Bear Stearns*, 374 B.R. at 129 (citing *In re Tri-Continental Exchange Ltd.*, 349 B.R. 627, 633-34 (E.D. Calif. 2006)).

### A. The COMI of Enseco Canada is Presumed to Be Canada Because That is the Location of Its Registered Office

In the absence of evidence to the contrary, a debtor's registered office is presumed to be the debtor's COMI. 11 U.S.C. § 1516(c); *see also In re Klytie's Developments, Inc.*, 383 B.R. 773, 780 (Bankr. D. Colo. 2008); *In re ABC Learning Centres Ltd.*, 445 B.R. 318, 333 (Bankr. D. Del. 2010) (citing *In re Tri-Continental Exchange Ltd.*, 349 B.R. 627, 635 (Bankr. E.D. Cal. 2006)). In effect, the registered office – or place of incorporation – is evidence that is probative of, and that may be a proxy for, COMI in the absence of other evidence. *Tri-Continental Exchange*, 349 B.R. at 635. The legislative history of section 1516(c) of the Bankruptcy Code explains that the "presumption that the place of the registered office is also the center of the debtor's main interest is included for speed and convenience of proof where there is no serious controversy." *Bear Stearns*, 374 B.R. at 128 (citing H.R. Rep. No. 31, 109th Cong., 1st Sess. 1516 (2005)). This presumption permits and encourages fast action in cases where speed may be essential, while leaving the debtor's true "center" open to dispute in cases where the facts are more doubtful. *Id.* In fact, the "UNCITRAL Guide to enactment of the Model Law on Cross-Border Insolvency . . . specifically counsels against considerations of factors other than the

location of the debtor's COMI." *In re Bear Stearns High-Grade Structured Credit Strategies*, 389 B.R. 325, 331-332 (S.D.N.Y.)

As previously noted, the parent of the Enseco Debtors, Enseco Canada, was formed under the laws of Alberta, Canada and has its principal place of business in Calgary, Alberta, Canada. Consequently, Enseco Canada's COMI is presumed to be in Canada.

B. **The COMI of the Enseco Debtors is Located In Canada Based Upon the Additional COMI Factors**

The fact that the Enseco Debtors' COMI is located in Canada is also supported by additional factors. Courts have identified five factors that are helpful in determining a debtors' COMI: (1) the location of those who manage the debtor (which could be the headquarters of a holding company); (2) the location of the debtor; (3) the location of the debtor's primary assets; (4) the location of the majority of the debtor's creditors or the majority of creditors affected by the case; and (5) the jurisdiction whose law would apply to most disputes. *See In re Klytie's Developments, Inc.*, 383 B.R. at 779; *In re SPhinX*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006); *see also ABC Learning*, 445 B.R. at 333.

In the present matter, these factors point to Canada as the Enseco Debtors' COMI. The first factor, the location of those who manage the debtor, heavily favors Canada as the debtors' COMI. The Enseco Debtors' corporate operations almost entirely occurred in Calgary. Physical board meetings were held in Canada. All high level and substantial business and strategic decisions were made in Canada. At present, the Receiver, a Canadian entity appointed by a Canadian court, is in exclusive control of the Enseco Debtors' operations and property.

The four remaining factors also indicate that the Enseco Debtors' COMI is in Canada. With respect to the location of the debtors, the main office for the Enseco Debtors is in Calgary, Alberta. As to the location of the debtors' assets, this factor also favors Canada, as Enseco

Canada owns the all of the tangible assets and equipment, even though many of them are on lease in the United States. Cash management was also conducted in Canada.

The location of the creditors also favors Canada. As indicated above, almost all of the creditors are located in Canada and the United States, with a majority located in Canada, in terms of number and amount of debt.

The final factor, the jurisdictional law governing most disputes, also fails to result in a clear COMI, as various disputes would be governed by Canadian, U.S. or other countries' laws.

Based upon the foregoing, most of the COMI factors conclusively establish Canada as the COMI for the Enseco Debtors. The Receiver accordingly requests that the Canadian Proceeding be recognized as a foreign main proceeding. *See Klytie's Developments, Inc.*, 383 B.R. at 781 (finding COMI in Canada notwithstanding the fact that two standards – the location of the debtors' creditors and applicable law – yielded inconclusive results).

## V. Alternatively, the Canadian Proceeding Should Be Recognized As a Foreign Nonmain Proceeding

In the event this Court does not recognize the Canadian Proceeding as a foreign main proceeding, the Receiver submits that the Canadian Proceeding should be recognized as a foreign nonmain proceeding.

The Canadian Proceeding shall be recognized as a foreign nonmain proceeding if the Enseco Debtors have an establishment in Canada. 11 U.S.C. § 1517(b)(2). "Establishment" is defined as any place of operations where the debtor carries out a nontransitory economic activity. 11 U.S.C. § 1502(2). When it is apparent that an entity conducts operations in the country where a foreign proceeding is pending, Courts will recognize the proceeding as a foreign nonmain proceeding if foreign main proceeding recognition is denied. *See e.g., SPhinX*, 351 B.R. at 122.

Based upon the facts previously set forth, the Enseco Debtors clearly hold an "establishment" in Canada, and therefore the Receiver alternatively submits that recognition as a foreign nonmain proceeding is warranted.

In the event that the Court finds that the Canadian Proceeding is a foreign nonmain proceeding, the relief requested herein is still appropriate because the relief is discretionary. *See* 11 U.S.C. § 1521 ("Upon recognition of a foreign proceeding, whether main or nonmain . . . the court may, at the request of the foreign representative, grant any appropriate relief . . . .") The Receiver submits that the Court should exercise its discretion in this matter to assure an economical, expeditious, and equitable administration of the Enseco Debtors' estate. Without such relief, the Enseco Debtors will be exposed to the risk of voluminous litigation and other actions against the estate, its assets and the Receiver in the United States, which would result in a "race to the courthouse" among creditors and other parties in interest, and thus, threaten the Enseco Debtor's reorganization efforts.

## HEARING DATE AND NOTICE

The Receiver respectfully requests that this Court set the date and time for a hearing on the Petition, pursuant to Section 1517(a) and (c) of the Bankruptcy Code. If no objections to this Petition are filed by the date ordered for such objections, the Receiver requests that the Court enter the Proposed Order recognizing the Canadian Proceeding as a foreign main proceeding without a hearing.

The Receiver proposes that once a hearing date (the "Hearing Date") has been scheduled by the Court, notice will be given in accordance with Rule 2002(q) of the Bankruptcy Rules.

## CONCLUSION

The Receiver respectfully requests that this Court recognize the Canadian Proceeding as a foreign main proceeding, and grant the relief requested herein. The Receiver alternatively requests recognition as a foreign nonmain proceeding, and that the Court grant the relief requested herein.

Dated: October 26, 2015   **Respectfully Submitted,**

PRICEWATERHOUSECOOPERS INC.,
as Receiver and authorized foreign representative of
the Enseco Debtors


By: */s/ Brent R. Cohen*
Brent R. Cohen, No. 11297
Chad S. Caby, No. 30927
LEWIS ROCA ROTHGERBER LLP
1200 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel:   (303) 628-9000
Fax:   (303) 623-9222
bcohen@rothgerber.com
ccaby@rothgerber.com


*Attorneys for PricewaterhouseCoopers Inc., as Receiver and authorized foreign representative of the Enseco Debtors*