## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 15 |
| ENSECO ENERGY SERVICES USA CORP. | ) ) | Case No. 15-21821 SBB |
|     Debtor in Foreign Proceeding. | ) ) | |
| In re: | ) | |
| | ) | Chapter 15 |
| ENSECO ENERGY SERVICES CORP. | ) | Case No. 15-21823 SBB |
|     Debtor in Foreign Proceeding. | ) ) | |

### *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER AND, AFTER NOTICE AND A HEARING, PRELIMINARY INJUNCTIVE RELIEF, PURSUANT TO SECTIONS 105(a) AND 1519 OF THE BANKRUPTCY CODE

PricewaterhouseCoopers Inc. ("PWC"), as the court-appointed monitor (the "Receiver") and authorized foreign representative of Enseco Energy Services Corp. and Enseco Energy Services USA Corp. (collectively referred to as the "Enseco Debtors") in the proceeding pending in the Court of Queen's Bench of Alberta, Canada (the "Canadian Proceeding") under the Bankruptcy and Insolvency Act (the "BIA"), by and through its undersigned counsel, Lewis Roca Rothgerber LLP respectfully files this application (the "Application") pursuant to sections 105(a) and 1519 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order to show cause with temporary restraining order substantially in the form attached hereto, and scheduling a hearing on the Receiver's request for a preliminary injunction (the "Preliminary Injunction Hearing").

## PRELIMINARY STATEMENT

On October 14, 2015, HSBC Bank Canada ("HSBC") instituted the Canadian Proceeding by filing an application for the appointment of a receiver pursuant to the BIA. On October 14, 2015, the Court in the Canadian Proceeding granted a Consent Receivership Order. On October 21, 2015, an Amended and Restated Receivership Order (the "Receivership Order") was entered in the Canadian Proceeding, staying any proceeding or enforcement process against the Enseco Debtors or their assets. Further, all rights and remedies of any entity, whether judicial or extra-judicial, are stayed and suspended against the Enseco Debtors and their assets.[1]

Upon entry of the Receivership Order, the Receiver promptly filed a petition (the "Petition") pursuant to section 1515 of the Bankruptcy Code for entry of an order recognizing the Canadian Proceeding as a foreign main proceeding. Until the Court rules on the Petition, there is nothing in place to prevent creditors from taking actions against the Enseco Debtors in the United States.

Accordingly, the Receiver files this Application, pursuant to Sections 105(a) and 1519 of the Bankruptcy Code, to temporarily enjoin creditors from taking any actions against the Enseco Debtors, their assets and the Receiver. The Receiver believes the granting of the relief sought in this Application will assure an economical, expeditious, and equitable administration of the Enseco Debtors' estates. Without such relief, the Enseco Debtors will be exposed to an imminent risk of voluminous litigation and other actions against the estates, their assets and the Receiver, which would result in a "race to the courthouse" among creditors and other parties-in-interest. The Receiver submits that such actions would result in immediate and irreparable harm

---

[1] A copy of the Receivership Order is attached hereto as <u>Exhibit 1</u>.

and loss to the Enseco Debtors and would cause substantial damage to efforts to collect and liquidate the assets of the Enseco Debtors for which there is no adequate remedy at law.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b) and 11 U.S.C. §§ 109 and 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. § 1410(1).

## BACKGROUND[2]

**I.     The Structure and General Operations of Enseco**

The party authorized to act in the Canadian Proceeding and under Chapter 15 of the Bankruptcy Code is the Receiver.

Ensceco Energy Services Corp. ("Enseco Canada") is a publically traded corporation formed under the laws of Alberta, Canada in 2006 with its headquarters and principal place of business located in Calgary, Alberta, Canada. Enseco Canada provides drilling services to the oil and gas industry in Canada. Enseco Energy Services USA Corp. ("Enseco USA") is a Delaware corporation that is wholly-owned by Enseco Canada. Enseco USA provides drilling services to the oil and gas industry in the United States. Its United States headquarters and sales operation is located in Denver, Colorado, while its directional drilling operations are in Casper, Wyoming and production testing in Minot, North Dakota. The registered office of each of the Enseco Debtors is in Alberta, Canada.

---

[2] The facts stated in this Application are supported by the Declaration of Sean Fleming In Support of: (I) Petition for Recognition As a Foreign Main Proceeding; and (II) Application for Order to Show Cause With Temporary Restraining Order and Preliminary Injunctive Relief, attached hereto as <u>Exhibit 2</u>.

Prior to the appointment of the Receiver, the corporate operations of the Enseco Debtors were directed and controlled through their parent company, Enseco Canada. Enseco Canada provided corporate services to Enseco USA, including technical services and management services, as described below:

> Technical Services – engineering, production testing asset quality assurance and fleet management, field logistics.
>
> Management Services – finance and accounting (i.e. account receivable and payables, invoicing, cash management, financial statement preparation, coordination of payroll, information technology (i.e. computer networks, telecommunication, field service software etc.), human resources (i.e. payroll, recruiting/hiring, compensation, performance management), health and safety, sales and strategic management oversight.

In consideration for these services, Enseco Canada charged Enseco USA certain fees based on a transfer pricing method, namely cost plus. In addition to the foregoing, Enseco Canada leased certain equipment to Enseco USA for use in Enseco USA's operations. Presently, the Receiver understands that approximately $7 million of Enseco Canada's equipment (using 2014 appraisal figures) is currently located in Minot, North Dakota and Casper, Wyoming. Most key corporate decision making, as well as the bank accounts and accounting and cash management systems of the Enseco Debtors, were directed and controlled at the parent level by Enseco Canada. For instance, Enseco USA maintains three HSBC bank accounts which are controlled by Enseco Canada. Two of these accounts, a Canadian dollar and a US dollar account, are held at an HSBC branch located in Calgary, Alberta, while a third account is located in Los Angeles, California. Not only are the Enseco Debtors' operations, management and asset ownership based in Canada, so is their funding. The principal secured creditor is HSBC Bank Canada ("HSBC"), the Plaintiff in the Canadian Proceeding. Presently, HSBC is owed approximately $16 million, which is secured by the assets of the Enseco Debtors.

## II. Business Operations of the Enseco Debtors

Headquartered in Calgary, Alberta with operations in Western Canada and the United States, the Enseco Debtors are providers of services to the oil and gas industry. Specifically, they provide fully-staffed drilling services to the oil and gas industry, namely directional drilling and production testing services. Their operations and assets are now under the control of the Receiver.

Almost all of the creditors are located in Canada and the United States. Of the creditors, 66 are located in the U.S. and owed approximately $724,000. Canadian creditors number 111 and are owed approximately $2.23 million.

## III. Events Leading to the Commencement of the Canadian Proceeding

Beginning in 2007, HSBC established a secured lending relationship with Enseco Canada (the "Credit Facilities"). The most recent credit agreement is dated March 28, 2012, as further amended by agreements dated April 1, 2012, May 31, 2012, March 28, 2013 and May 31, 2013 (collectively, the "Credit Agreement"). The Credit Facilities were secured by various security agreements and guaranties. Enseco USA is a guarantor of the obligations represented by the Credit Facilities. As of October 15, 2014, Enseco Canada defaulted under the Credit Agreement. HSBC and Enseco Canada entered into a series of forbearance agreements, the last of which extended the forbearance period to August 31, 2015. Thereafter, HSBC continued to informally forbear while the Enseco Debtors explored various options to repay its obligations under the Credit Agreement. However, their business and financial circumstances appeared to be rapidly deteriorating. For instance, a default judgment was obtained against Enseco Canada on October 1, 2015 in the amount of $123,469.08, plus interest. HSBC issued demand letters on the Enseco Debtors for the repayment of the indebtedness represented by the Credit Agreement and Notices

of Intention to Enforce Security pursuant to Section 244 of the *Bankruptcy and Insolvency Act (Canada)*. Based on the foregoing, the decision was made to seek appointment of a receiver in order to protect HSBC's collateral in Canada and the United States.

## IV.  The Canadian Proceeding

The *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3 ("BIA") governs the appointment of receivers in Canada. The BIA is a federal statute that governs a number of different insolvency proceedings to which individuals and corporations are subject, including bankruptcies, proposals and receiverships. In this case, the BIA provides the jurisdictional basis for the Canadian Court to grant an order appointing a Receiver over all of the assets and undertakings of the Enseco Debtors.

On October 14, 2015, HSBC, as Plaintiff, filed an Application for Order Appointing Receiver in the Court of Queen's Bench of Alberta, Judicial Centre of Calgary (the "Canadian Court"), Court File No. 1501-12080. The Enseco Debtors are named as Defendants in the Application. A Consent Receivership Order was entered in the Canadian Court on that same day. On October 21, 2015, an Amended and Restated Receivership Order ("Receivership Order") was entered, a copy of which is attached hereto as Exhibit 1.

Pursuant to the Receivership Order, a stay is in place in Canada which prohibits any proceeding or enforcement process against the Enseco Debtors or their assets. (Exhibit 2, ¶ 7). Further, all rights and remedies of any entity, whether judicial or extra-judicial, are stayed and suspended against the Enseco Debtors and their assets. (*Id.* at ¶ 8) The Canadian Court appointed PWC as the Receiver. (*Id.* at ¶ 2). The Receiver's role in the Canadian Proceedings is to take possession and preserve all property of the Enseco Debtors and the Enseco Debtors are obligated to cooperate with the Receiver in this respect. (*Id.* at ¶¶ 4, 5).

The Receivership Order also requests "the aid and recognition of any court . . . to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order." (*Id.* at ¶ 28). The Receivership Order also specifies that "the Receiver be at liberty and is hereby authorized and empowered to apply to any court. . . , wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order and that the Receiver is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada." (*Id.* at ¶ 29).

## V. The Receiver's Intended Actions

The Receiver intends to take control of all assets of the Enseco Debtors and liquidate them for the benefit of their creditors.

## VI. The Chapter 15 Cases

Concurrently with filing this Application, the Receiver filed the Petition in order to recognize the Canadian Proceeding as a foreign main proceeding. By filing the Petition, the Receiver wishes to obtain relief in substantially the same form provided in the Canadian Proceeding, and allow for the proper and necessary communication and coordination between the Canadian Proceeding and this case to ensure the orderly, fair and efficient restructuring or liquidation of the Enseco Debtors.

## **RELIEF REQUESTED**

The Receiver hereby respectfully requests: (i) the immediate entry of a temporary restraining order (the "TRO"): (a) staying execution against the Enseco Debtors' assets; (b) prohibiting all persons from commencing or continuing any litigation or any other proceeding, including, without limitation, appeals, mediation, or any other judicial, quasi-judicial,

administrative or regulatory action, proceeding or process whatsoever, or taking any other actions against or involving the Enseco Debtors, the Receiver (in its capacity as foreign representative of the Enseco Debtors) or the Enseco Debtors' property in the United States (the "Property"); and (c) entrusting the administration or realization of the Enseco Debtors' Property to the Receiver; and (ii) scheduling the Preliminary Injunction Hearing.  Such relief will ensure that, *inter alia*, the Property will not be improperly attached, disposed of, or otherwise withheld by creditors or other parties.

## BASIS FOR RELIEF REQUESTED

The rapid increase in cross-border insolvencies over the last decade spawned multiple efforts by insolvency organizations and the international community to devise better legal frameworks for addressing these cross-border insolvencies. Aaron L. Hammer and Matthew E. McClintock, *Understanding Chapter 15 of the United States Bankruptcy Code: Everything You Need to Know About Cross-Border Insolvency Legislation in the United States*, LAW AND BUSINESS REVIEW OF THE AMERICAS, Spring 2008.  In response, Congress enacted Chapter 15 of the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Chapter 15 incorporates the Model Law on Cross-Border Insolvency (the "Model Law") promulgated by the United Nations Commission on International Law ("UNCITRAL"). 11 U.S.C. § 1501(a).  It is intended to promote "cooperation between the United States courts, trustees, examiners, debtors and debtors in possession and the courts and other competent authorities of foreign countries; greater legal certainty for trade and investment; fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested entities, including the debtor; the protection and maximization of the debtor's assets;

and the facilitation of the rescue of financially troubled businesses." *In re Oversight & Control Commission of Avanzit, S.A.,* 385 B.R. 525, 532 (Bankr. S.D.N.Y. 2008) (quoting *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund*, 374 B.R. 122, 126 (Bankr. S.D.N.Y. 2007)).

Section 1519 of the Bankruptcy Code allows a representative petitioning for recognition of a foreign proceeding to obtain interim relief, including:

(1) staying execution against the debtor's assets;

(2) entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and

(3) any relief referred to in paragraph (3), (4) or (7) of section 1521(a).

11 U.S.C. § 1519(a).

The Receiver submits that the relief permitted under section 1519 and requested herein is absolutely necessary to ensure an economical, expeditious and equitable administration of the Enseco Debtors' estates. The absence of such relief will leave the Enseco Debtors vulnerable in the United States to litigation and other actions by creditors or other parties against the Enseco Debtors, their property and the Receiver to enforce their respective rights. Should parties-in-interest take such actions against the Enseco Debtors, the certain result would be immediate and irreparable injury, loss and damage to the Enseco Debtors and their restructuring efforts, for which there is no adequate remedy at law.

The Receivership Order entered in the Canadian Proceeding protects the Enseco Debtors and their assets from actions of creditors during the critical early stages of the receivership and liquidation process. The Receivership Order and papers submitted in conjunction therewith,

establishes that the Enseco Debtors are currently insolvent and unable to pay their debts as they become due. The Receiver is concerned that these facts may cause creditors to seek prejudgment attachments and other remedies against the Enseco Debtors and their assets in the United States. Indeed, the Enseco Debtors hold substantial assets in the United States, including equipment used in their business operations and accounts receivable. Until the Petition can be heard by this Court, these substantial assets are largely unprotected from creditors, and will remain as such unless the TRO is entered. Litigation relating to such actions would distract the Enseco Debtors and the Receiver from the restructuring efforts in the Canadian Proceeding and disrupt this case as well. Accordingly, the relief requested herein will allow the Enseco Debtors and the Receiver to focus on the orderly review and restructuring of the Enseco Debtors' business in the Canadian Proceeding.

The Receiver also believes that there is a substantial likelihood that it will be successful in establishing that the Canadian Proceeding is a foreign main proceeding because: (i) the Canadian Proceeding is a foreign proceeding, as defined in the Bankruptcy Code; (ii) the Receiver is a proper and authorized foreign representative as defined in the Bankruptcy Code; and (iii) Canada is the center of the Enseco Debtors' main interests.[3]

The relief requested herein will not cause undue hardship to any party in interest, or at least any hardship is outweighed by the benefits of the relief requested. Indeed, the entry of the TRO would actually benefit the Enseco Debtors' creditors by ensuring an equitable and orderly distribution of assets, and will prevent the "race to the courthouse" that could ensue if the relief requested herein is not entered. *See In re Basis Yield Alpha Fund (Master)*, Case No. 07-12762

---

[3] As further support for the substantial likelihood of the Petition's success, the Receiver references and incorporates the Petition.

(Bankr. S.D.N.Y.) (stating that failing to issue a restraining order against creditors could, *inter alia*, "undermine the Foreign Representative's efforts to achieve an equitable result for the benefit of all of the Foreign Debtor's creditors.").

Furthermore, the Court in the Canadian Proceeding respectfully requests that the United States' courts aid and recognize the Receivership Order and to make such orders and provide such assistance as necessary to give effect to the Receivership Order. (Exhibit 1, ¶ 29). The Receiver believes that the entry of the TRO and preliminary injunction are necessary to accommodate this request.

The relief requested herein has been granted in other Chapter 15 cases, and is therefore appropriate in these cases. *See e.g., In re North America Steamships Ltd.,* Case No. 06-13077 (Bankr. S.D.N.Y.) (granting similar relief after finding that: (i) the foreign representative established a substantial likelihood of success in establishing that the debtor is subject to a foreign main proceeding; and (ii) the debtor's assets were subject to attack and piecemeal dissipation which would result in immediate and irreparable harm for which the debtor would have no adequate remedy at law); *see also In re Hollinger Inc., et al.*, Case No. 07-11029 (Bankr. D. Del.); *In re Bear Stearns High-Grade Structured Credit Strat. Master Fund, Ltd.*, Case No. 07-12383 (Bankr. S.D.N.Y); *In re Afinsa Bienes Tangibles S.A.*, Case No. 07-10675 (Bankr. S.D.N.Y.); *In re Hatteras Reinsurance Ltd.*, Case No. 06-11304 (Bankr. S.D.N.Y.).

### REQUEST FOR WAIVER OF BANKRUPTCY RULE 7065(c)

The Receiver respectfully requests that Rule 7065(c) of the Federal Rules of Bankruptcy Procedure, incorporating Rule 65(c) of the Federal Rules of Civil Procedure, be waived. Security for the TRO is unnecessary in this matter, as the TRO will merely temporarily extend

the reaches of the Receivership Order, and will therefore only subject parties-in-interest to the same restraints imposed in the Canadian Proceeding.

## HEARING DATE AND NOTICE

The Receiver also respectfully requests that this Court set the date and time for the Preliminary Injunction Hearing and a hearing on the Petition (the "Hearing Dates"). If no objections to this Application are filed by the date ordered for such objections, the Receiver requests that the Court enter the proposed order granting the preliminary injunction without a hearing.

The Receiver proposes that once the Hearing Dates have been scheduled by the Court, notice will be given as reasonable and appropriate under the circumstances in the Canadian Proceeding and in the United States and in accordance with Bankruptcy Rule 2002(q) and other applicable rules. Specifically, the Receiver proposes serving appropriate notice of the Hearing Dates, copies of the Application, TRO, Petition and related documents upon all parties-in-interest that are entitled to notice within two days of the entry of the TRO. The Receiver believes that such notice and service is reasonable and proper under the circumstances and no other or further notice is necessary or appropriate.

The Receiver shall serve notice of this Application on the Office of the United States Trustee through the Court's ECF filing system and by overnight courier. Due to the harm that could result to the Enseco Debtors before adverse parties can be heard in opposition to the TRO, the Receiver believes that no further notice is required under the circumstances.

## CONCLUSION

For the foregoing reasons, the Receiver respectfully requests that this Court: (i) enter an order granting a temporary restraining order substantially in the form attached hereto;

(ii) schedule the Preliminary Injunction Hearing; and (iii) grant such other and further relief as this Court deems just and proper.

Dated: October 26, 2015

**Respectfully Submitted,**

PRICEWATERHOUSECOOPERS INC.,
as Receiver and authorized foreign representative
of the Enseco Debtors

By: /s/ Brent R. Cohen
Brent R. Cohen, No. 11297
Chad S. Caby, No. 30927
Lewis Roca ROTHGERBER LLP
1200 17th Street, Suite 3000
Denver, CO 80202-5855
Tel: (303) 628-9000
Fax: (303) 623-9222
E-mail: bcohen@rothgerber.com
ccaby@rothgerber.com

*Attorneys for PricewaterhouseCoopers Inc., as Receiver and authorized foreign representative of the Enseco Debtors*